United States District Court
Southern District of Texas
**ENTERED**
September 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANE DOE, *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> THE UNIVERSITY OF TEXAS HEALTH § <br> SCIENCE CENTER AT HOUSTON, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:21-CV-01574 |

## ORDER

Before the Court are United States Magistrate Judge Peter Bray's Memorandum and Recommendation filed on August 27, 2025 (Doc. #75), Relator Patricia Carroll's Objections (Doc. #77), Defendant McKesson Corp.'s ("McKesson") Response (Doc. #81), and Defendant Change Health Care Corporation a/k/a Change Healthcare Engagement Solutions, Inc.'s ("Change") Response (Doc. #82). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and the applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

In this case, Relator alleges that Defendants UT Physicians ("UTP"), Mckesson, and Change violated the False Claims Act and the Texas Health Care Program Fraud Prevention Act. UTP, McKesson, and Change all moved to dismiss the claims against them. Doc. #56, Doc. #58, and Doc. #59. The Magistrate Judge recommended the Court dismiss McKesson and Change with prejudice and deny UTP's Motion to Dismiss pending jurisdictional discovery. Doc. #75.

Relator objects to the Magistrate Judge's dismissals of McKesson and Change. First, Relator argues the Magistrate Judge erred in finding that the applicable statutes of limitations bar her claims against McKesson. But Relator failed to raise such arguments before the Magistrate Judge. And new arguments "are forfeited if they are not raised before a magistrate judge," even if they are raised in objections to the memorandum and recommendation. *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024). Second, Relator contends the Magistrate Judge erred in dismissing Change with prejudice. In suing Change, Relator "brought her claims against the wrong entity." Doc. #75 at 14. Relator argues Change should be dismissed without prejudice such that she is afforded an opportunity to amend her complaint. Doc. #77 at 15–20. However, the Court finds the Magistrate Judge did not err in dismissing Change with prejudice. Accordingly, Relator's objections to the Memorandum and Recommendation are overruled.

In conclusion, the Court adopts the Memorandum and Recommendation (Doc. #15) as its Order. McKesson's Motion to Dismiss (Doc. #56) and Change's Motion to Dismiss (Doc. #59) are GRANTED. As such, Relator's claims against McKesson and Change are DISMISSED WITH PREJUDICE. UTP's Motion to Dismiss (Doc. #58) is DENIED without prejudice pending jurisdictional discovery

It is so ORDERED.

SEP 2 4 2025
Date

The Honorable Alfred H. Bennett
United States District Judge